RAFAEL DONES RIVERA, demandante y apelante, *v.* SIXTO M. SALDAÑA, JEFE DEL PRESIDIO INSULAR, demandado y apelado.

Núm. 8500.—*Sometido:* Marzo 16, 1942. *Resuelto:* Marzo 25, 1942.

182

*Rafael Dones Rivera,* por su propio derecho; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo y Luis Negrón Fernández, Fiscal Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Este recurso se interpuso contra la sentencia dictada por la Corte de Distrito de San Juan por la que se declaró sin lugar la petición de hábeas corpus radicada por el peticionario y en la cual alega que se halla ilegalmente privado de su libertad porque no obstante haber cumplido la pena impuesta en dos sentencias concurrentes dictadas por la Corte de Distrito de Guayama, el recurrido, Jefe de la Penitenciaría Insular, se niega a ponerlo en libertad.

Los hechos pueden resumirse así:

El 21 de septiembre de 1938, el peticionario fué declarado culpable de un delito *felony* en el caso número 10,110 de la Corte de Distrito de Guayama y el 14 de octubre de 1938 se dictó sentencia en dicho caso condenándole a dos años de presidio, sentencia contra la cual interpuso recurso de apelación para ante este Tribunal.

El 25 de octubre de 1939 y en el caso número 11,109 de la misma corte, el apelante fué declarado culpable de otro delito *felony* y sentenciado el 30 del mismo mes y año a igual pena de dos años de presidio.

La sentencia dictada en el caso número 10,110 fué confirmada el 6 de marzo de 1940 y el peticionario empezó a cum-

plirla el 4 de abril siguiente. Estando recluído en la Penitenciaría extinguiendo la sentencia impuesta en el caso 10,110, este Tribunal, con fecha 10 de marzo de 1941, desestimó la apelación interpuesta en el caso número 11,109.

De acuerdo con los hechos expuestos, la sentencia dictada en el caso 10,110 de la Corte de Distrito de Guayama, que empezó a cumplir el apelante el 4 de abril de 1940, luego de deducidos cuatro meses y veinticuatro días por buena conducta quedó extinguida, según la liquidación del Jefe del Presidio, el 10 de noviembre de 1941, y alega el peticionario que siendo concurrentes ambas sentencias, la segunda, o sea la dictada en el caso 11,109, quedó también extinguida el 10 de noviembre de 1941.

Sostiene por el contrario el recurrido, que como la segunda sentencia no empezó a cumplirse hasta el 10 de marzo de 1941, es desde esa fecha que una y otra sentencias tienen la condición de concurrentes y por consiguiente no puede abonársele la prisión extinguida con anterioridad a 10 de marzo de 1941, por lo que esta última sentencia no quedará cumplida hasta el 16 de octubre de 1942, en el caso de deducírsele por buena conducta, como en la anterior, cuatro meses veinticuatro días.

Convenimos con el Fiscal de este Tribunal en que la segunda sentencia, o sea la dictada en el caso 11,109, no empezó a correr concurrentemente con la anterior, es decir, la dictada en el 10,110, hasta que la apelación interpuesta contra la segunda sentencia fué desestimada por este Tribunal el 10 de marzo de 1941. Así se resolvió por el Tribunal Supremo de California en el caso de *Ex parte Green*, 86 Cal. 427, citado por el fiscal. Ni en el referido caso ni en la búsqueda que hemos hecho, hemos encontrado las razones que sirven de fundamento a esta doctrina; pero a poco que se reflexione sobre la materia, se comprenderá fácilmente que dicha doctrina es racional y descansa en fundamentos lógicos. Sabido es que interpuesto recurso de apelación contra una sentencia, los efectos de ésta quedan en suspenso hasta tanto se resuelva en

definitiva la apelación. Siendo ello así, no es posible en buena lógica sostener que una sentencia que está en suspenso pueda al mismo tiempo estar extinguiéndose. Se dirá que en ciertos casos, como en aquéllos en que el acusado se halla en sumaria por no haber prestado fianza mientras se sustancia la apelación, el tiempo que haya estado preso se le abona a la sentencia dictada, pero ello es así por expresa disposición de la ley. Ningún precepto legal existe en nuestros estatutos dispositivo de que en situaciones como la del presente caso, la extinción de la sentencia posterior deba retrotraerse a la fecha en que empezó a cumplirse la anterior.

No habiendo el peticionario extinguido totalmente la segunda sentencia que, aunque concurrente con la anterior, no empezó a correr sino desde el 10 de marzo de 1941, su prisión no es ilegal y por consiguiente no erró la corte sentenciadora al denegar la petición de hábeas corpus.

Procede, por lo expuesto, la confirmación de la sentencia.

El Juez Asociado Sr. Travieso no intervino.