NOEL COLÓN SANZ, peticionario, *v.* FAUSTINO ESPINOSA, ALCAIDE DE LA CÁRCEL DE DISTRITO DE SAN JUAN, demandado.

*Número:* HC-62-32 *Resuelto:* 17 de mayo de 1963

*Santos P. Amadeo* y *Augusto Burgos Mundo,* abogados del peticionario; *J. B. Fernández Badillo, Procurador General,* y *Héctor Orlandi Gómez, Procurador General Auxiliar,* abogados del demandado.

PER CURIAM: El peticionario acudió ante nos en solicitud de Hábeas Corpus y expedimos el auto para examinar su alegada detención ilegal por el demandado. Prestó la fianza que le fue fijada por el Tribunal para su libertad mientras se resolvía el presente recurso.

De los hechos alegados en la petición y admitidos en su contestación por el demandado, (1) surge lo siguiente: El peticionario fue encarcelado originalmente por ocho delitos de hurto mayor mediante órdenes de encarcelación expedidas el 18 de abril de 1962 por el Juez Roberto Veray Torregrosa, luego de haber sido arrestado por la detective sin haber mediado orden para ello expedida por magistrado competente. Estas ocho órdenes de encarcelación fueron anuladas en recurso de Hábeas Corpus por el Juez del Tribunal Superior Willis A. Ramos, por no ajustarse las mismas a las disposiciones del Art. 38 del Código de Enjuiciamiento Criminal, el cual requiere que se reseñe brevemente "la naturaleza del delito con especificación tan aproximada como sea posible, de la fecha y lugar en que se cometiera."

Anuladas las ocho órdenes de encarcelación aludidas, el Fiscal produjo ante el propio magistrado una novena orden de encarcelación expedida por el Juez Carreira Más el 12 de junio de 1962 por otro delito de hurto mayor, la cual no adolecía del vicio que motivó la declaración de nulidad de las ocho anteriores. Al mismo tiempo presentó al magistrado

---

(1) El demandado negó la alegación de que no existía causa probable para el arresto del peticionario y la conclusión de que la investigación practicada por el Fiscal fuera de "tipo inquisitorial."

declaraciones juradas tomadas por el Fiscal durante la investigación por él practicada, con relación a todos los delitos imputados. Fundado en esas declaraciones el Juez Ramos determinó que existía causa probable contra el peticionario en las ocho causas en las cuales había dictado previamente órdenes de encarcelación el Juez Veray Torregrosa—y que el propio Juez Ramos acababa de anular—así como en la novena causa en que había ordenado posteriormente su encarcelación el Juez Carreira Más, la cual no había sido impugnada ni anulada en el referido procedimiento de Hábeas Corpus.

Fue en el momento en que el Juez Ramos, con vista de las declaraciones sometidas por el Fiscal, determinó que existía causa probable, que el abogado del peticionario solicitó del tribunal que éste fuera examinado, con asistencia de dicho letrado, negado lo cual se instó el presente recurso, fundado, esencialmente, en el derecho que alega el peticionario tiene a un examen preliminar, antes de que se determine causa probable para su arresto, incluyendo dicho examen el interrogatorio de testigos por el magistrado.

▮ No obstante haber seguido este Tribunal la tendencia moderna judicial favorable al "ensanchamiento de la esfera de investigación el recurso [de hábeas corpus] para conservar las salvaguardias constitucionales de libertad humana", *Valentín* v. *Torres*, 80 D.P.R. 463, 475 (1958), no puede pasar por alto el principio de ley de que para que proceda la excarcelación mediante Hábeas Corpus el peticionario debe tener derecho inmediato a su libertad. Arts. 487 y 496, Código Enjuiciamiento Criminal, 34 L.P.R.A. secs. 1759 y 1768. *Dones* v. *Saldaña*, 60 D.P.R. 181 (1942); *Buscaglia* v. *Pueblo*, 64 D.P.R. 183, 189 (1944). El hecho de que el peticionario no impugnara en el recurso de Hábeas Corpus por él instado en el Tribunal Superior la orden de encarcelación expedida por el Juez Carreira Más, ni los procedimientos seguidos ante éste para su expedición—como lo hizo en cuanto las ocho expedidas por el Juez Veray Torregrosa—ni que

contra la misma mediara orden de nulidad por el Juez Ramos, dejó subsistente su detención en cuanto al noveno delito imputado, independientemente de la nueva determinación de causa probable hecha por el magistrado en cuanto a los otros ocho. Bajo esas circunstancias resulta improcedente considerar en este recurso los planteamientos del peticionario relativos al derecho que invoca a examen preliminar por no tocar éstos su encarcelación por el noveno delito.

*Se anulará el auto expedido y se cancelará la fianza que le fuera fijada por este Tribunal ordenándose nuevamente la encarcelación del peticionario.*

