## Ex Parte Leroy.

Apelación contra resolución del Juez Asociado Sr. MacLeary desestimando una solicitud de *habeas corpus.*

No. 382.—Resuelto en noviembre 3, 1911.

EFECTO RETROACTIVO DE LAS LEYES—ABONO DE LA PRISIÓN PREVENTIVA.—La ley de marzo 14, 1907, sobre cómputo cómo parte de la sentencia condenatoria del tiempo que pasare un acusado bajo custodia aguardando la vista de la causa, no tiene aplicación a casos ya decididos o a presos ya privados de libertad en virtud de una sentencia anterior, pues es un principio consagrado por la jurisprudencia americana y declarado en el artículo 3 del Código Civil, que las leyes no tienen efecto retroactivo a menos que expresamente dispusieren lo contrario.

ID.—ORDEN JUDICIAL DE FEBRERO 10 DE 1899—ABONO DE LA PRISIÓN PREVENTIVA.—La regla 5ª. de la orden judicial de febrero 10, 1899, disponiendo que se abone al reo la totalidad de la prisión preventiva que haya sufrido, ha quedado derogada por el nuevo Código Penal que empezó a regir el 1°. de julio de 1902, pues los fines que perseguía la citada orden judicial han sido llenados con los preceptos del nuevo Código de Enjuiciamiento Criminal.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Herminio Díaz Navarro.*

Abogado del Pueblo: *Sr. Jesús M. Rossy, Fiscal.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Carlos Leroy se encuentra recluído en la penitenciaría de esta Isla, cumpliendo condena que le fué impuesta por la Corte de Distrito de Ponce en sentencia de 24 de octubre de 1905. Esa condena, que era de treinta años de reclusión, fué conmutada por la de diez años a virtud de decreto del Gobernador de esta Isla, de 25 de septiembre de 1909.

Empezó Leroy a cumplir su condena en la misma fecha de la sentencia, o sea en 24 de octubre de 1905, y según certificación del jefe de la penitenciaría de 1°. de agosto de 1911, como en esa última fecha llevaba extinguidos cinco años, nueve meses y siete días de reclusión, y el tiempo que debía abonársele era de tres años, tres meses y veinte y tres días, resultaba que ya había cumplido nueve años y un mes, y si observaba

buena conducta extinguiría el tiempo total de la condena en 1°. de julio de 1912.

Con fecha 7 de agosto último solicitó Leroy del Juez Asociado de esta Corte Suprema, Sr. MacLeary, la expedición de auto de *habeas corpus* para obtener su inmediata libertad, alegando al efecto, que su prisión era ilegal en cuanto había dejado de abonársele la prisión provisional que había sufrido desde 24 de noviembre de 1904 en que fué arrestado hasta el 24 de octubre de 1905 en que fué condenado, o sean once meses de prisión preventiva, con cuyo abono su condena estaría extinguida.

Tramitada la petición de *habeas corpus,* recayó resolución en 12 de agosto, declarándola sin lugar y ordenando que el peticionario continuara preso hasta que extinguiera su condena, cuya resolución fué apelada para ante esta Corte Suprema.

La única cuestión legal a debatir en el presente recurso es si la ley aprobada en 14 de marzo de 1907, para computar como parte de la sentencia de presos el tiempo que pasaron bajo custodia aguardando la vista de su causa, es o nó aplicable al apelante Leroy, según se sostuvo por su abogado ante nuestro colega, y si en caso negativo puede invocarse en favor de Leroy la Orden Judicial de 10 de febrero de 1899, según se ha alegado por la defensa del peticionario en el acto de la vista del recurso ante esta Corte Suprema.

Opinamos que ni la ley de 14 de marzo de 1907, ni la Orden Judicial de 10 de febrero de 1899, pueden tener aplicación al presente caso.

La ley de 14 de marzo de 1907 está concebida en los términos siguientes:

"Ley para computar como parte de la sentencia de presos el tiempo que pasaren bajo custodia aguardando la vista de la causa. Decrétese por la Asamblea Legislativa de Puerto Rico:

"Sección 1.—Cuando una persona fuere acusada de un delito cualquiera, y habiéndosele exigido fianza, no pudiere, por motivo de pobreza, conseguir fiadores, por lo que tuviere que estar bajo custodia

aguardando la vista de su causa, si saliere sentenciada a un término de prisión, se le descontará de dicho término el tiempo que hubiere pasado bajo custodia, desde la fecha de su arresto hasta aquella en que se hubiere dictado sentencia definitiva en su causa.

"Sección 2.—Todas las leyes o parte de leyes que se opusieren a la presente, quedan por ésta derogadas.

"Sección 3.—Esta ley empezará a regir en abril 1 de 1907.

"Aprobada en 14 de marzo de 1907."

Como se ve, la sección 3ª. de dicha ley dispone que comenzará a regir en tiempo futuro o sea diez y seis días después de su aprobación, y la sección 1ª. al emplear el tiempo futuro "cuando una persona acusada de un delito cualquiera saliere sentenciada a un término de prisión," indica claramente que la ley se refiere al futuro y no al pasado en cuanto a su efecto y cumplimiento, no habiendo en el texto de dicha ley palabra alguna que indique por parte de la Legislatura intención de darle un efecto retroactivo o de aplicarla a casos ya decididos o a presos ya privados de libertad en virtud de una sentencia anterior; y nosotros no podemos dar efecto retroactivo a la ley en cuestión haciendo extensivos sus beneficios al peticionario, pues el artículo 3º. de nuestro Código Civil, reproduciendo igual precepto del Código Civil Español, ordena que las leyes no tendrán efecto retroactivo si no dispusieren expresamente lo contrario, principio que encontramos aceptado por la Jurisprudencia Americana en el caso de *Reynolds* v. *McArthur,* 27 U. S., 434 (2 Pet.,) en el cual el Juez Presidente Marshal, dice: "Es un principio que siempre ha sido considerado como sagrado en los Estados Unidos, el que las leyes por las cuales han de regularse los actos humanos, se dirigen al futuro y no al pasado, y nunca deben interpretarse retrospectivamente, a menos que el texto de la ley haga indispensable tal interpretación."

Estamos del todo conformes con los fundamentos consignados en la opinión base de la resolución recurrida, y en su virtud diremos que después de un detenido examen de toda la ley de 14 de marzo de 1907 que el preso invocaba para su

excarcelación, nos vemos obligados a llegar a la conclusión de que no fué la intención de la Legislatura comprender en dicha ley y conceder los beneficios de la misma a un preso a quien nunca se le había admitido fianza y que no había estado bajo custodia por falta de fianza, mientras estuvo aguardando la vista de su causa.

En cuanto a la orden judicial de 10 de febrero de 1899, basada en que nuestras cárceles no tenían en absoluto condiciones higiénicas y se hallaban atestadas de hombres, en su mayor parte presos provisionalmente, fué dictada con el fin de simplificar la instrucción de los sumarios y economizar sobre todo la prisión preventiva, a cuyos fines contiene varias reglas modificando algunos preceptos de la ley que entonces regía. La regla 5ª., que es la atinente al presente caso, dice textualmente:

"En el fallo definitivo de la causa se abonará siempre, sin excepción alguna, al reo, la totalidad de la prisión preventiva que haya sufrido."

Esa sección es la invocada por el abogado del peticionario ante esta Corte Suprema en apoyo del recurso interpuesto, sosteniendo que debe dársele aplicación en atención a que no ha sido derogada ni por el Código Penal ni por el de Enjuiciamiento Criminal, actualmente vigentes.

Veamos los antecedentes histórico-legales de la regla o sección que dejamos transcrita.

Al disponerse por Real Decreto de 23 de mayo de 1879 que rigiera en las Islas de Cuba y Puerto Rico el Código Penal reformado de 1870, con las modificaciones que se estimaran oportunas, se dispuso también que se observara la *Ley provisional de Enjuiciamiento Criminal para la aplicación de dicho Código* con las alteraciones propuestas; y esa ley provisional contiene *varias reglas dictadas,* según se expresa, *para la aplicación del Código Penal en las Islas de Cuba y Puerto Rico, las que se observarían hasta que se publicara el Código de procedimientos y la ley orgánica de tribunales.*

Una de las reglas de dicha ley provisional, que es la 93, dice así:

"A los reos que en lo sucesivo fueren sentenciados a penas correccionales se les abonará, para el cumplimiento de sus condenas, la mitad del tiempo que hubieren permanecido presos, quedando a su favor cualquiera fracción de días que resulten en la rebaja. Este beneficio se hará extensivo a los sentenciados a prisión por vía de sustitución y apremio para el pago de multas.

"No gozarán de esta gracia:

"1. Los reincidentes en la misma especie de delito.

"2. Los que por cualquier otro delito hayan sido condenados a pena igual o superior a la que nuevamente se les imponga.

"3. Los reos ausentes que, llamados en legal forma, no se hubieren presentado voluntariamente.

"4. Los reos de robo, hurto y estafa que exceda de 100 pesetas.

"Los tribunales harán aplicación de las anteriores disposiciones al final de las sentencias que habrán de dictar con sujeción al Código y a esta ley, y los fiscales las tendrán presentes para exponer las que convengan en sus censuras."

A la ley provisional para la aplicación del Código Penal de 1870 sustituyó la Ley de Enjuiciamiento Criminal para las Islas de Cuba y Puerto Rico que comenzó a regir en 1º. de enero de 1889, a virtud de Real Decreto de 19 de octubre del año anterior, y los tribunales de esta Isla siguieron dando cumplimiento a la regla 93 de que se deja hecho mérito.

Esa regla fué la que en términos radicales fué reformada por la Regla 5ª. de la Orden Judicial de 10 de febrero de 1899, y por tanto si la primera fué una de las dictadas para la aplicación de las disposiciones del Código Penal y hasta que se publicara el Código de Procedimientos, la segunda debe tener el mismo alcance legal.

Opinamos, pues, que la regla 5ª. invocada por el peticionario para que se le abone la prisión provisional sufrida, fué dictada para la aplicación del Código Penal que entonces regía, y como ese Código fué derogado por el del año 1902, no puede continuar rigiendo para su aplicación la regla citada.

Además de lo dicho, debemos tener presente que el Código

Penal de 1902, que envuelve un sistema de leyes penales enteramente nuevo y completo, contiene preceptos como los consignados en los artículos 372 y 373 que autorizan la libertad bajo fianza, con la sola excepción del caso en que se impute la comisión de un crimen que apareje pena de muerte, lo que no permitían ni la antigua Ley de Enjuiciamiento Criminal, ni la Orden Judicial de 10 de febrero de 1899.

También el nuevo Código de Enjuiciamiento Criminal en su artículo 448 reconoce derechos al acusado en el caso de que no se haya presentado acusación contra él en el término de sesenta días desde su detención y de que no sea sometido a juicio en el término de 120 días a contar desde la presentación de la acusación, derechos que no reconocía el Código procesal antiguo.

Todos los preceptos legales citados tienden a economizar los casos de prisión provisional y a evitar la prolongación de ésta, llenándose con ellos los fines que perseguía la Orden Judicial de 10 de febrero de 1899, cuya regla 5ª., repetimos, fué derogada desde el momento en que empezó a regir el nuevo Código Penal, pues fué dictada únicamente para la aplicación del antiguo Código.

Y debemos hacer constar, como lo hizo el juez, Sr. MacLeary, en su opinión, que no hemos hecho ninguna computación en cuanto a la rebaja a que el preso tiene derecho con arreglo a la ley de 14 de marzo de 1907, fijando rebajas en las sentencias de confinados en las instituciones penales de Puerto Rico y estableciendo un sistema de libertad bajo palabra, pues presumimos correcta la computación hecha por el jefe de presidio, especialmente en vista del hecho de que la rebaja no ha sido impugnada por el Fiscal.

Por las razones expuestas, entendemos que procede la confirmación de la resolución apelada.

*Confirmada.*

Jueces concurrentes: Sres. Asociados Wolf y Aldrey.

Los Jueces Asociados Sres. MacLeary y del Toro no tomaron parte en la resolución de este caso.