MANUEL HERNÁNDEZ RASQUIÑA, peticionario y apelado, *v.* SIXTO M. SALDAÑA, JEFE DEL PRESIDIO INSULAR, demandado y apelante.

Núm. 8508. *Sometido:* Abril 13, 1942. *Resuelto:* Abril 23, 1942.

*Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo y Luis Negrón Fernández, Fiscal Auxiliar,* abogados del apelante; *Manuel Hernández Rasquiña,* por su propio derecho.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El peticionario, que está cumpliendo una sentencia de presidio, radicó un *mandamus* contra el jefe de la Penitenciaría Insular para obligarlo a que abonara a su sentencia el crédito por buena conducta según lo dispone la ley. La corte de distrito sostuvo la contención del peticionario y el jefe de presidio ha apelado.

 En 1935 el peticionario empezó a cumplir una sentencia de 12 años por escalamiento en primer grado. En 1940, después de haber cumplido cinco años, fué puesto en libertad mediante un recurso de hábeas corpus en el cual se declaró nula la sentencia original. Algunos días más tarde fué sentenciado a cumplir ocho años por el mismo delito de escalamiento en primer grado. Inmediatamente empezó a cumplir su sentencia de ocho años.

Los Estatutos Revisados de 1911 disponen lo siguiente:

Sección 6362:
"(6362) Sección 1. Cuando una persona fuere acusada de un delito cualquiera, y habiéndosele exigido fianza, no pudiere, por motivos de pobreza, conseguir fiadores, por lo que tuviere que estar bajo custodia aguardando la vista de su causa, si saliere sentenciado a un término de prisión, se le descontará de dicho término el tiempo que hubiere pasado bajo custodia, desde la fecha de su arresto hasta aquella en que se hubiere dictado sentencia definitiva en su causa."

Sección 2047:
"(2047) Sección 1. A partir de 1º. de abril de 1907, todo preso sentenciado, o que en adelante se sentenciare, a prisión en la penitenciaría, o a prisión con trabajo en las cárceles de distrito de Puerto

Rico, que observare buena conducta y asiduidad, tendrá derecho a las siguientes rebajas del término de su sentencia, . . .

" . . . . . . . . . .

"Por una sentencia de no menos de cinco años y menos de diez años: 8 días en cada mes."

Alega el peticionario que toda vez que su sentencia es de ocho años, tiene derecho de acuerdo con el segundo de los estatutos arriba mencionados a una rebaja en su sentencia, por buena conducta, de ocho días por cada mes, o sea un total de 768 días. Alega asimismo que una vez que el jefe de presidio rebaje los referidos 768 días de la sentencia de ocho años, éste debe, de acuerdo con el primero de los estatutos arriba mencionados, hacer una rebaja adicional de los cinco años que el peticionario cumplió bajo la sentencia original declarada nula.

Por otro lado, el jefe de presidio alega que los cinco años que cumplió antes de dictarse la sentencia de ocho años deben primeramente restarse, y luego concederse una rebaja por buena conducta a razón de ocho días por mes solamente sobre el balance de tres años.

El juez de la corte inferior basó su sentencia en la opinión que dictó en el caso similar de *Pedro Lorenzano* v. *Sixto Saldaña,* Hábeas Corpus, núm. 38097 de la Corte de Distrito de San Juan, en que la apelación fué voluntariamente abandonada por el peticionario por razones ajenas a este caso, resolviendo esta cuestión como sigue:

"El texto de ambas leyes es bien claro. La primera autoriza a descontar *del término de prisión a que pudiere ser sentenciado el acusado,* el tiempo que hubiere pasado bajo custodia desde la fecha de su arresto hasta aquélla en que se hubiere dictado sentencia definitiva; y la segunda también da derecho a ciertas rebajas *del término de la sentencia,* a todo preso que observare buena conducta y asiduidad, cuyas rebajas se computan desde la admisión del mismo en la cárcel o penitenciaría. No dispone la segunda de dichas leyes que las rebajas por buena conducta se hagan del resto de la sentencia una vez acreditada la preventiva.

"La interpretación que hasta ahora se ha venido dando á dichas leyes establece un discrimen en favor de aquellos acusados que mediante la prestación de fianza permanecen en la libertad hasta tanto se ha dictado una sentencia definitiva en su causa, y ello lo demuestra el siguiente ejemplo: $A$ y $B$ son sentenciados por una corte de distrito a sufrir la pena de 5 años de presidio con trabajos forzados, cada uno; ambos apelan para ante la Corte Suprema; desde que ambos fueron arrestados hasta que el Tribunal Supremo dictó sentencia confirmando la de la corte de distrito, han transcurrido dos años, durante los cuales $B$ ha estado en Sumaria y $A$ bajo fianza. Liquidadas dichas sentencias en la forma en que las liquida el aquí demandado, resultaría que mientras a $B$, que ha estado dos años en Sumaria, se le están haciendo rebajas por buena conducta, no al término de cinco años de su sentencia, sino a los tres años que le quedan por cumplir una vez acreditado el tiempo que permaneció en Sumaria, a $A$, que no ha estado privado de su libertad ni un solo día, se le hacen abonos por buena conducta al término de cinco años de su sentencia, resultando que $B$ habrá estado privado de su libertad durante 4 años 2 meses 12 días, y $A$ sólo durante 3 años 8 meses. No puede haber sido ésa la intención del legislador. Los descuentos deben hacerse al término total de la sentencia, tal y como dispone la ley fijando rebajas a las mismas por buena conducta. Ese es un derecho que tiene todo sentenciado a prisión con trabajos forzados, que no puede ser limitado o restringido mientras el preso observe buena conducta. Tan pronto como una persona que ha sido sentenciada por la comisión de un delito ingresa en la cárcel o penitenciaría a cumplir su sentencia, tiene derecho, desde el momento de su ingreso, a las rebajas que establece la ley por buena conducta, y asiduidad, del término de su sentencia y no del término por cumplir dicha sentencia después de descontar la preventiva, como se ha venido haciendo y se ha hecho en el presente caso por el demandado. ''.

"El estatuto que da derecho a rebajas por buena conducta es claro y libre de toda ambigüedad, y prescribe en forma clara y concisa que todo preso sentenciado tendrá derecho a las rebajas fijadas por dicho estatuto, *del término de la sentencia*, y no del período por cumplir de la sentencia o del tiempo que el mismo tenga que estar en la cárcel o presidio después de acreditársele la preventiva. Está firmemente establecido que al interpretar esta clase de estatutos, la letra de los mismos no debe ser menospreciada, y que cuando los mismos son susceptibles de dos interpretaciones, debe dárseles aquélla que más favorece al preso.''

Estamos de acuerdo con el juez de distrito en que los estatutos están libres de ambigüedad y deben interpretarse de la manera que él expresa. Además, como él indica, si el lenguaje de los estatutos fuera susceptible de dos interpretaciones, ordinariamente debe adoptarse la interpretación más favorable al preso. *Ex parte Blocker,* 193 P. 546; *Ex parte Albori,* 21 P. (2d) 423.

*La sentencia de la corte de distrito será confirmada.*