Julio Pérez Navia, peticionario y apelado, *v.* Sixto M. Saldaña, Jefe del Presidio Insular, demandado y apelante.

Núm. 8574.—*Sometido:* Julio 21, 1942. *Resuelto:* Agosto 1, 1942.

*Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados del apelante; *Julio Pérez Navia, pro se.*

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Con motivo de cierta acusación por un delito de homicidio voluntario, Julio Pérez Navia fué arrestado y recluído en la Cárcel de Distrito de Guayama el 17 de noviembre de 1936. Estando en sumaria así detenido, la Corte Municipal de Guayama lo sentenció el 22 de diciembre siguiente a cumplir cuatro meses de cárcel por un delito de acometimiento y agresión grave y en la misma fecha la Corte de Distrito de Guayama lo condenó también a cuatro meses de cárcel por un delito de portar armas. Después de extinguir ambas sentencias, el acusado reasumió la prisión sumaria en relación con el referido delito de homicidio voluntario hasta que, convicto del mismo el 5 de noviembre de 1937, la Corte de Distrito de Guayama lo condenó a diez años de presidio.

Pérez Navia solicitó del jefe del Presidio Insular que le acreditase a la sentencia de diez años de presidio los ocho meses de cárcel que extinguió por los delitos de acometimiento y agresión grave y portar armas, sosteniendo que

dicho término debe considerarse como prisión preventiva a los efectos de la sentencia por homicidio voluntario. Negóse el jefe del presidio, estableciendo entonces Pérez Navia en la corte inferior el recurso de *mandamus* cuya sentencia, que declaró con lugar la petición, motiva este recurso, interpuesto por el Pueblo de Puerto Rico por conducto del fiscal de distrito. La sentencia dice así:

"Vista la solicitud y la prueba, de la cual aparece que el peticionario estuvo en sumaria, o sea arrestado por el delito de asesinato y pendiente de que se le enjuiciara en dicho caso desde el 17 de noviembre de 1935 (*sic*) hasta el 5 de noviembre de 1937, se declara con lugar la solicitud y se ordena al demandado liquide la sentencia del peticionario a base de abonar la prisión preventiva desde noviembre 17 de 1936 hasta el 5 de noviembre de 1937, y de conceder bonificación por buena conducta sobre el término total de la sentencia."

Sostiene el fiscal que erró la corte *a quo* al resolver que la prisión sufrida por el peticionario apelado desde el 17 de noviembre de 1936 hasta noviembre 5, 1937, en que se dictó la sentencia por homicidio voluntario, tiene carácter de prisión preventiva en su totalidad.

Desde el 17 de noviembre de 1936 en que el peticionario fué arrestado para responder de la acusación de homicidio, hasta el 22 de diciembre siguiente en que empezó a extinguir las dos sentencias por los delitos *misdemeanor*, transcurrieron treinta y cinco días durante los cuales el peticionario estuvo en preventiva. Sin embargo, los ocho meses de cárcel por los dos delitos misdemeanor que quedaron extinguidos el 10 de julio de 1937 a virtud de descuento que se le hizo por buena conducta, no pueden calificarse de prisión preventiva como sostiene el peticionario. Durante esos ocho meses el peticionario no se hallaba detenido por no haber conseguido fiadores para responder del delito de homicidio. Extinguía sentencias por dichos dos misdemeanors y el preso que extingue sentencia no puede considerarse que

está en sumaria. La prisión sumaria la describe con toda claridad el artículo 6362 de los Estatutos Revisados de 1911 en los siguientes términos:

"Cuando una persona fuere acusada de un delito cualquiera, y habiéndosele exigido fianza, no pudiere, por motivo de pobreza, conseguir fiadores, por lo que tuviere que estar bajo custodia aguardando la vista de su causa, si saliere sentenciada a un término de prisión, se le descontará de dicho término el tiempo que hubiere pasado bajo custodia, desde la fecha de su arresto hasta aquélla en que se hubiere dictado sentencia definitiva en su causa."

Pasemos a considerar ahora la segunda cuestión suscitada por el apelante, es decir, que erró la corte inferior al ordenar al demandado que concediese bonificación al peticionario sobre el término total de la prisión, inclusive cierta prisión preventiva sufrida antes de ser definitivamente sentenciado el 5 de noviembre de 1937.

Demostrado que el peticionario no tiene derecho a que se le compute como parte de su sentencia por homicidio voluntario los ocho meses que cumplió por los delitos de acometimiento y agresión grave y portar armas, es obvio que no puede recibir bonificación por dicho término de prisión. Tampoco tiene derecho a que se le conceda bonificación por la preventiva que extinguió antes y después de las dos sentencias por acometimiento y agresión grave y portar armas, puesto que la ley que autoriza tal bonificación—la sección primera de la ley de 14 de marzo de 1907—sólo la autoriza en relación con aquellos presos que fueren sentenciados a prisión en la penitenciaría o a prisión con trabajos en las cárceles de distrito, y como el recluso que se halla en sumaria no ha sido aun sentenciado, no puede concedérsele tal bonificación. Véanse los casos de *Aderhold* v. *Ellis,* 84 F. (2d) 543; y *King* v. *United States,* 98 F. (2d) 291, donde se interpretan estatutos similares al nuestro.

*Por lo expuesto, procede declarar con lugar el recurso y revocar la sentencia apelada.*