CECILIO ECHEANDÍA FONT, peticionario, *v.* SIXTO M. SALDAÑA, JEFE DE LA PENITENCIARÍA, demandado.

Núm. 421.—*Sometido:* Abril 13, 1943. *Resuelto:* Abril 27, 1943.

R. *Hernández Vargas*, abogado del peticionario; R. A. *Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar*, abogados del demandado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El 25 de agosto de 1925 el peticionario ingresó en la Penitenciaría Insular a cumplir una sentencia de reclusión per-

petua impuéstale aquel mismo día por la Corte de Distrito de Arecibo al ser convicto de un delito de asesinato en primer grado con atenuantes, y el 27 de octubre siguiente fué sentenciado por el mismo tribunal a la pena de diez años de presidio por otro delito de ataque para cometer asesinato. Hace dos años, allá por el 28 de marzo de 1941, la sentencia de reclusión perpetua le fué conmutada a treinta años de presidio. De conformidad con la liquidación practicada por el Jefe de la Penitenciaría, el peticionario tendrá derecho a ser excarcelado el 16 de abril de 1945. A los efectos de esa liquidación dicho funcionario partió de la base de

(a) que luego de deducirse de la sentencia de treinta años el término de diez meses y doce días de prisión preventiva, dicha sentencia así reducida empezó a contarse desde que el peticionario ingresó en la Penitenciaría Insular el 25 de agosto de 1925 y no desde la fecha de la conmutación;

(b) que la sentencia por delito de ataque con intención de cometer asesinato y la impuesta por asesinato, que fué conmutada, eran concurrentes;

(c) que siendo concurrentes las sentencias, sólo tenía derecho el peticionario a una sola deducción del término, por buena conducta, a razón de diez días por cada mes natural; y

(d) que del término de diez meses y doce días de prisión preventiva no tenía derecho a deducción alguna de conformidad con nuestra decisión en el caso de *Pérez* v. *Saldaña,* 60 D.P.R. 916.

Sostiene el peticionario que las referidas sentencias quedaron extinguidas desde el 30 de agosto de 1941 y que en tal virtud su detención desde esa fecha es ilegal, razón por la cual radicó ante este tribunal la petición de hábeas corpus que nos ocupa.

El peticionario, al practicar su liquidación, se acredita:

(a) una deducción de diez días por mes natural sobre el término de treinta años como si sobre la prisión preventiva tuviese derecho a deducción, y

(*b*) otra de diez días por mes natural sobre la sentencia de diez años, a pesar de ser concurrentes dichas dos sentencias.

¿Tiene derecho el peticionario a deducción por buena conducta del término de prisión preventiva?

Para contestar correctamente la pregunta propuesta conviene tener presentes la sección 6362 de los Estatutos Revisados de 1911 y la sección primera de la Ley de 14 de marzo de 1907, a saber:

"Sección 6362. Cuando una persona fuera acusada de un delito cualquiera, y habiéndosele exigido fianza, no pudiere, por motivo de pobreza, conseguir fiadores, por lo que tuviere que estar bajo custodia aguardando la vista de su causa, si saliere sentenciada a un término de prisión, se le descontará de dicho término el tiempo que hubiere pasado bajo custodia, desde la fecha de su arresto hasta aquella en que se hubiere dictado sentencia definitiva en su causa."

"Sección 1. A partir del 1º. de abril de 1907, todo preso sentenciado, o que en adelante se sentenciare, a prisión en la penitenciaría, o a prisión con trabajo en las cárceles de distrito de Puerto Rico, que observare buena conducta y asiduidad, tendrá derecho a las siguientes rebajas del término de su sentencia, las cuales se computarán desde su admisión a la cárcel o penitenciaría, siempre que ingresare con posterioridad al primero de abril de 1907:

" * * * * * * *

"Por una sentencia de diez años o más: 10 días en cada mes.

"Dicha rebaja se hará por el mes natural, y si la sentencia de algún preso contuviere una fracción de mes, bien al principio o al fin de dicha sentencia, se le abonará un día por cada cinco días o parte de los mismos, contenidos en dicha fracción." (Comp. 1911, Sec. 2047.)

De conformidad con la sección 6362, a la persona que ha estado en prisión preventiva y luego es sentenciada a un término de prisión "se le descontará de dicho término el tiempo que hubiere pasado bajo custodia, desde la fecha de su arresto hasta aquella en que se hubiere dictado sentencia definitiva en su causa."

Y volviendo la vista a la sección primera de la Ley de 14 de marzo de 1907, notaremos que la deducción o rebaja

se computará, no desde que empezó la prisión preventiva sino "desde su admisión a la cárcel o penitenciaría." Como la deducción se computa *desde la admisión del sentenciado a la cárcel o penitenciaría* y no antes, y como a partir de ese momento lo que va a cumplir no es la totalidad de la sentencia impuéstale sino la que le falte por cumplir una vez acreditada la prisión preventiva, es evidente que la deducción por buena conducta sólo podrá hacerse del término que empieza a correr desde que comienza a extinguir la sentencia en la cárcel o penitenciaría, según se trate de un delito *misdemeanor* o de uno *felony*. Por lo tanto no puede hacerse la deducción de la totalidad de la sentencia dictada. Que la frase *"desde su admisión a la cárcel o penitenciaría"* no se refiere al momento en que el acusado ingresa en prisión preventiva y sí a aquel en que empieza a cumplir la sentencia definitiva, lo demuestra el hecho de que la preventiva nunca tiene lugar en la penitenciaría, ya que hasta que un preso ha sido sentenciado a pena de presidio no puede bajo ninguna circunstancia ser ingresado en la penitenciaría.

En el caso de *Aderhold* v. *Ellis,* 84 F. (2d) 543, un estatuto sustancialmente igual al nuestro fué interpretado en el sentido de que la deducción del término de la sentencia debe computarse a partir del primer día del ingreso en la penitenciaría, prisión o cárcel *a cumplir la sentencia,* y que no debe tomarse en cuenta a los efectos de dicha deducción el tiempo que el acusado hubiere estado en prisión antes de dictarse la sentencia.

Finalmente alega el peticionario que nuestras decisiones en los casos de *Hernández* v. *Saldaña,* 60 D.P.R. 308, y *Pérez* v. *Saldaña,* supra, son contradictorias y que esa contradicción ha producido la consiguiente incertidumbre en los tribunales de distrito. [2] En la hipótesis de que tal contradicción exista, no debe producir incertidumbre alguna, pues bien sabido es que cuando dos decisiones del mismo tribunal son contradictorias, la más reciente revoca a la anterior.

Pero en realidad no existe contradicción entre uno y otro caso. Si se examinan los hechos de una y otra decisión, que es lo que debe hacerse para determinar el *ratio decidendi* de un caso, se observará inmediatamente que una y otra resuelven cuestiones distintas. En el de *Hernández* v. *Saldaña,* la única cuestión a resolver era la siguiente: Hernández, en el año 1935, empezó a cumplir una sentencia de doce años de presidio por escalamiento en primer grado. En 1940, después de haber estado en presidio cinco años, fué puesto en libertad mediante un recurso de hábeas corpus en el cual se declaró nula la sentencia original. Algunos días más tarde fué sentenciado a cumplir ocho años de presidio por el mismo delito e inmediatamente empezó a cumplir su sentencia. El jefe del presidio le dió crédito por los cinco años que había estado recluído a virtud de la sentencia anulada, pero considerando esos cinco años como si fuesen una prisión preventiva, es decir, extinguidos antes de empezar a cumplir la sentencia, se negó a hacerle la deducción correspondiente a dicho término de prisión, por lo que el confinado presentó recurso de *mandamus* en la corte de distrito, la que declaró con lugar la demanda. Apelado el caso, este tribunal confirmó la sentencia de la corte inferior y ordenó que se hiciese la deducción del término de cinco años que en cumplimiento de la sentencia anulada había extinguido el peticionario en la Penitenciaría Insular. Ahora bien, debemos admitir que en el citado caso de *Hernández* v. *Saldaña,* supra, se citó con aprobación cierto lenguaje de la corte inferior que no expone correctamente la ley, lenguaje que está en conflicto con lo resuelto posteriormente en el caso de *Pérez* v. *Saldaña,* que ratificamos en esta opinión.

Es tan absurda la pretensión del peticionario al efecto de que debe dársele crédito por buena conducta sobre cada una de las dos sentencias, es decir, la de diez años y la conmutada, que creemos innecesario discutir esa cuestión.

■ Tanto en su informe oral como en el escrito sostuv el fiscal que la fecha en que el peticionario tendrá derech a excarcelación será el 29 de mayo de 1950 y no el 16 de abr de 1945. Llega a esa conclusión el fiscal porque en su op nión el término de treinta años a que fué conmutada la sei tencia de reclusión perpetua debe contarse, no desde que en pezó a cumplirse la sentencia de reclusión perpetua, sin desde la fecha de la conmutación, o sea el 28 de marzo d 1941. Sostuvo además que el peticionario no tiene derech a deducción por buena conducta por el término de dicha sei tencia, que finalizó el 28 de marzo de 1941.

Si, como hemos visto, aceptando la norma que adoptó jefe de la penitenciaría, que es más favorable al peticionari que la propuesta por el fiscal, aun así el peticionario no ter dría derecho a su libertad hasta el 16 de abril de 1945, e evidente que estaríamos resolviendo cuestiones purament académicas si tratásemos de resolver en este recurso la propuestas por el fiscal. Si el 16 de abril de 1945 el Jefe d la Penitenciaría participare de la opinión que sustenta e fiscal ahora, y se negare a poner en libertad al peticionaric y el peticionario recurriere a los tribunales con tal motivo será entonces el momento oportuno de resolver dichas cues tiones.

*Procede, por lo expuesto, denegar la petición de hábea corpus.*