PRIMITIVO FIGUEROA COLÓN, demandante y apelado, *v.* SIXTO M. SALDAÑA, JEFE DE LA PENITENCIARÍA INSULAR, demandado y apelante.

Núm. 8877.—*Sometido:* Mayo 15, 1944. *Resuelto:* Mayo 29, 1944.

R. A. *Gómez, Fiscal del Tribunal Supremo,* y Luis *Negrón Fernández, Fiscal Auxiliar,* abogados del apelante; el apelado no compareció.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

El presente recurso fué interpuesto por el Fiscal contra la sentencia dictada por la Corte de Distrito de San Juan, en

23 de septiembre de 1943, declarando con lugar la petición de hábeas corpus radicada por Primitivo Figueroa Colón y ordenando la inmediata libertad del peticionario.

Los hechos esenciales alegados en la petición y establecidos por el récord del caso, son los siguientes:

El peticionario fué convicto de un delito de asesinato en primer grado y sentenciado a sufrir la pena de reclusión perpetua, la cual empezó a cumplir en la Penitenciaría Insular el 20 de octubre de 1930. En mayo 28 de 1941, el Gobernador de Puerto Rico le conmutó dicha sentencia por la de 20 años de presidio.

Alegó el peticionario, que de acuerdo con las disposiciones de la Ley núm. 180 de 15 de mayo de 1943 (pág. 653), enmendatoria de la ley de 14 de marzo de 1907 (pág. 307), él tiene derecho a que se le acredite, como 'bonificación por su buena conducta doce días por cada mes natural desde el 20 de octubre de 1930 o sea desde la fecha en que él ingresó en el penal para empezar a cumplir la pena de reclusión perpetua; y que si se le conceden las bonificaciones provistas por dicha ley, su sentencia quedó cumplida en enero de 1943. Se queja el peticionario de que el Jefe de la Penitenciaría Insular se ha negado a concederle las bonificaciones a que él alega tener derecho, insistiendo en que la citada Ley núm. 180 no tiene efecto retroactivo y no puede ser aplicada sino desde la fecha en que la misma comenzó a regir o sea desde el 13 de agosto de 1943.

Con posterioridad a la fecha en que fué dictada la sentencia recurrida, esta corte consideró y resolvió la misma cuestión legal aquí planteada, en el caso de *Cecilio Echeandía* v. *Alvarado, Jefe de la Penitenciaría Insular,* resuelto el 7 de marzo de 1944, ante pág. 230.

De acuerdo con nuestra decisión en el caso de *Echeandía* que es de estricta aplicación al caso de autos, el peticionario Primitivo Figueroa Colón, al serle conmutada la pena de reclusión perpetua por la de veinte años de presidio, adquirió

el *status* de un sentenciado a un término de 20 años de presidio, desde la fecha en que ingresó en el penal a cumplir la sentencia original o sea desde el día 20 de octubre de 1930. Por virtud de la conmutación, el confinado adquirió el derecho a que se le abonen diez días por cada mes natural durante el cual hubiere observado buena conducta, desde octubre 20 de 1930, fecha de su ingreso en el penal hasta el 13 de agosto de 1943, de acuerdo con las disposiciones de la ley de 14 de marzo de 1907. Desde el 13 de agosto de 1943, fecha en que empezó a regir la Ley núm. 180 de mayo 15 de 1943, el confinado adquirió el derecho a que se le abonen 12 días, como bonificación por buena conducta, por cada mes natural hasta que haya cumplido el término de su sentencia de veinte años.

El fiscal de esta corte ha sometido a nuestra consideración la forma en que a su juicio debe practicarse la liquidación de la sentencia de veinte años impuesta al peticionario según el caso de Echeandía, supra. Dice el fiscal en su informe:

"Cuando el peticionario ingresó en la penitenciaría había pasado 29 días en la cárcel de distrito, los cuales deducidos del término de 20 años de su sentencia, reducen ésta a 19 años, 11 meses, un día, cuyo término se comenzó a extinguir desde el 20 de octubre de 1930, y hasta el día 13 de agosto de 1943 llevaba extinguidos físicamente en prisión 12 años, 9 meses, 23 días. Ese término físico de prisión, abonándosele 10 días en cada 30 (mes natural) de la sentencia de 20 años, conlleva un beneficio de 6 años, 4 meses, 27 días, haciendo un total de 19 años, 2 meses, 20 días, o sea, la parte de la sentencia de 20 años extinguida por el peticionario hasta el 13 de agosto de 1943 después de abonados los beneficios desde su ingreso hasta la fecha en que se aprobó la referida ley 180, que agregados a los 29 días de prisión preventiva hacían un total de 19 años, 3 meses, 19 días, restando a esa fecha por cumplir solamente 8 meses 11 días. Desde el 13 de agosto de 1943 hasta la fecha en que fué excarcelado el peticionario, o sea, 10 de septiembre de 1943, escasamente cumplió 27 días, faltándole 4 meses, tres días para hacer un total de 5 meses con los cuales extinguiría el remanente de 8 meses, 11 días desde el 13 de agosto de 1943, ya que los otros tres meses, 11 días le serían abonados como beneficios a razón de 12 días en cada

mes natural calculados sobre dicho remanente de sentencia de 8 meses 11 días.''

Aceptamos como correctos los cálculos del fiscal basados en los récords oficiales de la Penitenciaría Insular presentados como parte del informe del Jefe demandado. Ellos son suficientes para justificar nuestra conclusión de que el confinado peticionario fué prematuramente excarcelado como consecuencia de la errónea interpretación dada por la corte inferior a la Ley núm. 180 de mayo 15 de 1943.

*Por las razones expuestas en nuestra opinión en el caso de Echeandía, supra, se revoca la sentencia recurrida y se ordena el arresto del peticionario Primitivo Figueroa Colón y su ingreso en la Penitenciaría Insular, en donde deberá permanecer recluído hasta que haya cumplido, de acuerdo con la ley, la sentencia que le fué impuesta.*