Antonio Buscaglia, recurrente y apelado, *v.* El Pueblo de Puerto Rico, recurrido y apelante.

Núm. 8989.—*Sometido:* Noviembre 8, 1944.   *Resuelto:* Noviembre 27, 1944.

*R. A. Gómez, Fiscal del Tribunal Supremo, y Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelante; *Felipe Colón Díaz y Arcilio Alvarado,* abogados del apelado.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

En su petición de hábeas corpus radicada ante la Corte de Distrito de Ponce, el apelado Antonio Buscaglia alegó: que en enero 10 de 1938 la referida Corte le condenó a la pena de diez años de cárcel por un delito de infracción al artículo 11 de la Ley núm. 67 de 1934; que dicha sentencia fué confirmada por esta Corte Suprema en mayo 31 de 1939; y que el peticionario estuvo recluído en la cárcel, en sumaria, desde julio 12 de 1937 hasta la fecha en que su sentencia fué confirmada, por no haber podido prestar la fianza que le fué exigida. Alegó, además, que en diversas fechas posteriores el peticionario fué condenado a sufrir las penas siguientes:

1. En enero 13, 1938, por la Corte Municipal de Ponce, a $10 de multa o diez días de cárcel, por acometimiento y agresión.

2. En marzo 15, 1938, por la Corte de Distrito de Ponce, a diez años de cárcel, por infracción al artículo 11, Ley núm. 67 de 1934.

3. En julio 6, 1938, por la Corte Municipal de Ponce, a $30 de multa o treinta días de cárcel.

4. En noviembre 30, 1938, por la Corte de Distrito de Ponce, a tres meses de cárcel, por delito de daños maliciosos.

Sostuvo el peticionario ante la corte inferior que él tiene derecho a que de la primera sentencia de diez años de cárcel, dictada en enero 10 de 1938, se le descuente el término de un año, diez meses y diez y nueve días que alega pasó en sumaria por no haber podido prestar fianza; que de acuerdo con la ley de marzo 14 de 1907, que fija las rebajas en las sentencias de los confinados, habiendo observado buena conducta en el penal, tiene derecho a que se le abonen diez días en cada mes o sea una bonificación de tres años cuatro meses; que por las razones expuestas, el peticionario tiene derecho a que se le abone un total de cinco años, dos meses y

diecinueve días y está obligado a cumplir solamente cuatro años, nueve meses y once días; y que habiendo ingresado en el penal el 31 de mayo de 1939, en la fecha en que radicó su petición de hábeas corpus, junio 13 de 1944, la sentencia había sido ya extinguida con exceso.

El Alcaide de la Cárcel de Distrito de Ponce se negó a poner en libertad al peticionario, entre otras razones porque, a su juicio, las sentencias dictadas con posterioridad a la de 10 de enero de 1938 no tienen el carácter de concurrentes por no expresarlo así los respectivos mandamientos de arresto y encarcelación. El peticionario sostiene que todas dichas sentencias se cumplieron concurrentemente con la primera.

La corte inferior resolvió que el peticionario tenía derecho a los abonos por él reclamados; que las sentencias posteriores a la de enero 10 de 1938 habían sido cumplidas concurrentemente; y ordenó la inmediata excarcelación del peticionario. El fiscal del distrito de Ponce interpuso el presente recurso.

En el primer señalamiento el fiscal apelante alega que la corte inferior erró al resolver que el peticionario tenía derecho a una bonificación por buena conducta de una tercera parte de la totalidad de la sentencia de diez años, o sea tres años y cuatro meses, sin que hubiera que deducir primeramente el término de la prisión preventiva.

La parte pertinente de la sentencia recurrida lee así:

"La sentencia que nos ocupa fué por un término de diez años. De acuerdo con la Ley núm. 14 de 1937 (sic), hay que hacerle al acusado una bonificación de una tercera parte, o sea, de 3 años y 4 meses, lo que significa que restado de los diez años, resulta que el acusado tiene que cumplir 6 años 8 meses."

La computación hecha por el juez de la corte inferior está en pugna con las decisiones de esta Corte Suprema en *Pérez* v. *Saldaña*, 60 D.P.R. 916 y en *Echeandía* v. *Saldaña*, 61 D.P.R. 799, 801, en las cuales resolvimos que la deducción por buena conducta y asiduidad debe hacerse del término de

prisión computado a partir del día en que el convicto ingresa en la cárcel o penitenciaría, según sea el caso, a cumplir la sentencia que le fué impuesta, sin que en dicho término se incluya el tiempo que el acusado estuvo en prisión preventiva. Véase: *Aderhold* v. *Ellis,* 84 F. (2d) 543.

Si aceptáramos para los fines de resolver este señalamiento, que el peticionario tiene derecho a que se le descuente, de los diez años de cárcel a que fué condenado, el término de un año, diez meses y diecinueve días que él alega pasó en prisión preventiva, en ese caso la sentencia que empezó a cumplir en mayo 31 de 1939 quedaría reducida a ocho años, un mes y once días. Descontando los diez días en cada mes por la buena conducta observada por el confinado, éste tendría derecho a una bonificación de dos años, ocho meses y trece días, con la cual el término de su sentencia quedaría reducido a cinco años, cuatro meses y veintiocho días. Habiendo el peticionario ingresado en el penal para cumplir su sentencia el 31 de mayo de 1939, el término de cinco años, cuatro meses y veintiocho días debería expirar el 28 de octubre de 1944. Resulta, pues, que aun cuando aceptáramos que el peticionario tenía derecho a un descuento de un año, diez meses y diecinueve días de prisión preventiva, siempre tendríamos que resolver que cuando se le puso en libertad, el día 19 de junio de 1944, le faltaban aún cuatro meses y once días para dejar cumplida su sentencia.

█ Sostiene el fiscal en su segundo señalamiento, que la corte inferior erró al considerar como prisión preventiva y por tanto descontable del término de la sentencia de diez años, el período transcurrido desde el 10 de enero de 1938, fecha en que recayó sentencia definitiva en la Corte de Distrito y el 31 de mayo de 1939, fecha en que dicha sentencia fué confirmada por esta Corte Suprema.

La cuestión legal envuelta en este señalamiento fué considerada por esta Corte Suprema y resuelta en favor de la contención del fiscal, en *Rivera* v. *Saldaña,* 62 D.P.R. 441,

446. Resolvimos en dicho caso que no debe computarse como parte de la prisión preventiva el tiempo transcurrido durante la sustanciación de una apelación de la corte de distrito a la Corte Suprema. La sección 1 de la ley de 14 de marzo de 1907 provee que cuando un acusado no pudiere por motivo de pobreza conseguir fiadores y tuviere que permanecer bajo custodia aguardando la vista de su causa, "si saliere sentenciado a un término de prisión, se le descontará de dicho término el tiempo que hubiere pasado bajo custodia, *desde la fecha de su arresto hasta aquélla en que se hubiere dictado sentencia definitiva en su causa."* (Bastardillas nuestras.) Interpretando la frase "sentencia definitiva" usada en el estatuto, resolvimos que sentencia definitiva condenatoria es aquélla de la cual el acusado puede apelar para ante esta Corte Suprema, según el inciso 1 del artículo 347 del Código de Enjuiciamiento Criminal. Véase *Noel* v. *State,* 188 Pac. 688, 690; 38 *Words and Phrases,* 597 *et seq.;* 24 C.J.S. *Criminal Law,* Sección 1995 *b.* y *d.* (3) págs. 1226, 1227. Y resolvimos en definitiva que "no habiendo la Legislatura incluído expresamente el tiempo que transcurra en tramitarse la apelación como parte de la bonificación por prisión preventiva, no debe descontarse dicho término de la sentencia cuando ésta es confirmada." La corte inferior erró al incluir en el término descontable como prisión preventiva el período de un año, cuatro meses y veintiún días transcurridos desde enero 10, 1938, fecha de la sentencia definitiva dictada por la Corte de Distrito hasta mayo 31 de 1939, fecha de la confirmación de dicha sentencia por esta Corte Suprema.

Los dos errores cometidos por la corte inferior nos obligan, para mayor claridad, a exponer concisamente la forma en que debe liquidarse la sentencia original de diez años de cárcel impuesta al peticionario.

(*a*) Descontando de los diez años de prisión a que fué condenado el peticionario, los cinco meses y veintiocho días

de prisión preventiva, desde su arresto hasta enero 10 de 1938 en que se dictó la sentencia definitiva por la corte de distrito, el término por cumplir quedó reducido a nueve años, seis meses y dos días.

(*b*) Concedida al peticionario la bonificación de una tercera parte de dicho término, éste queda reducido a seis años y cuatro meses. Habiendo empezado a cumplir la sentencia en mayo 31 de 1939, el término de seis años y cuatro meses debería expirar el día 30 de septiembre de 1945.

(*c*) Cuando fué puesto prematuramente en libertad por virtud de la sentencia recurrida, de fecha 19 de junio de 1944, al peticionario le faltaba un año, tres meses y once días para dejar extinguida la sentencia.

En el tercero y último señalamiento el fiscal apelante alega que la corte inferior erró al resolver que la sentencia de diez años de cárcel dictada en 15 de marzo de 1938, contra el peticionario Antonio Buscaglia, había sido extinguida concurrentemente con la primera sentencia dictada en enero 10 de 1938 y confirmada en mayo 31 de 1939.

La segunda sentencia a que se refiere el fiscal fué la dictada en marzo 15 de 1938 por la Corte de Distrito de Ponce, en la causa núm. 6705, y confirmada por esta Corte Suprema en junio 19 de 1941, *Pueblo* v. *Buscaglia*, 58 D.P.R. 921. Esa sentencia, que empezó a cumplirse en junio 19 de 1941, desde esa fecha en adelante corrió concurrentemente con la primera de diez años que el peticionario empezó a cumplir en mayo 31 de 1939. El período de tiempo durante el cual el peticionario habrá servido concurrentemente las dos sentencias es el comprendido entre junio 19 de 1941, en que empezó a cumplir la segunda sentencia y la fecha en que quede definitivamente extinguida la primera. Ese período durante el cual las dos sentencias se han cumplido concurrentemente, le deberá ser descontado al peticionario del término de diez años de la segunda sentencia, debiendo el peticionario cumplir aquella parte de la segunda sentencia que no ha cum-

plido concurrentemente con la primera. De acuerdo con lo resuelto por esta Corte en *Dones* v. *Saldaña,* 60 D.P.R. 181, los efectos de la segunda sentencia dictada en marzo 15 de 1938 quedaron en suspenso hasta que la apelación interpuesta por el aquí peticionario fué definitivamente resuelta en junio 19 de 1941. En el caso citado resolvimos que "Ningún precepto legal existe en nuestros estatutos dispositivo de que en situaciones como la del presente caso, la extinción de la sentencia posterior deba retrotraerse a la fecha en que empezó a cumplirse la anterior".

No habiendo el peticionario extinguido totalmente la primera sentencia, ni tampoco la segunda que, aunque concurrente con la primera, no empezó a correr sino desde el día 19 de junio de 1941, su prisión no es ilegal y por consiguiente la corte inferior erró al declarar con lugar la petición de hábeas corpus.

*La sentencia recurrida debe ser revocada y en su lugar dictarse otra ordenando el arresto y encarcelación del peticionario en la Cárcel de Distrito de Ponce, en donde deberá permanecer hasta que haya cumplido las sentencias de enero 10 de 1938 y de marzo 15 de 1938, de acuerdo con la ley y con los términos de esta opinión.*

El Juez Asociado Sr. Todd, Jr., se inhibió.