CECILIO ECHEANDÍA FONT, peticionario y apelante, *v.* JOSÉ ANTONIO ALVARADO, JEFE DE LA PENITENCIARÍA INSULAR, demandado y apelado.

Núm. 9055.—*Sometido:* Enero 8, 1945. *Resuelto:* Febrero 13, 1945.

*Juan B. Soto,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados del apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Al denegar la petición de hábeas corpus en el caso de *Echeandía* v. *Saldaña,* 61 D.P.R. 799, interpretamos la sección 6362 de los Estatutos Revisados de 1911 en relación con la sección primera de la ley de 14 de marzo de 1907[1] y resolvimos lo siguiente:

"Como la deducción se computa *desde la admisión del sentenciado a la cárcel o penitenciaría* y no antes, y como a partir de ese mo-

---

[1] Estas secciones dicen así:

"Sección 6362. Cuando una persona fuera acusada de un delito cualquiera, y habiéndosele exigido fianza, no pudiere, por motivo de pobreza, conseguir fiadores, por lo que tuviere que estar bajo custodia aguardando la vista de su causa, si saliere sentenciada a un término de prisión, se le descontará de dicho término el tiempo que hubiere pasado bajo custodia, desde la fecha de su arresto hasta aquélla en que se hubiere dictado sentencia definitiva en su causa.

"Sección 1. A partir del 1ro. de abril de 1907, todo preso sentenciado, o que en adelante se sentenciare, a prisión en la penitenciaría, o a prisión con trabajo en las cárceles de distrito de Puerto Rico, que observare buena conducta y

mento lo que va a cumplir no es la totalidad de la sentencia impuéstale sino la que le falte por cumplir una vez acreditada la prisión preventiva, es evidente que la deducción por buena conducta sólo podrá hacerse del término que empieza a correr desde que comienza a extinguir la sentencia en la cárcel o penitenciaría, según se trate de un delito *misdemeanor* o de uno *felony*. Por lo tanto no puede hacerse la deducción de la totalidad de la sentencia dictada. Que la frase '*desde su admisión a la cárcel o penitenciaría*' no se refiere al momento en que el acusado ingresa en prisión preventiva y sí a aquel en que empieza a cumplir la sentencia definitiva, lo demuestra el hecho de que la preventiva nunca tiene lugar en la penitenciaría, ya que hasta que un preso ha sido sentenciado a pena de presidio no puede bajo ninguna circunstancia ser ingresado en la penitenciaría.''

Al denegar otra petición de hábeas corpus en el caso de *Echeandía* v. *Alvarado,* 63 D.P.R. 230 de nuevo interpretamos la sección primera de la ley de 1907, supra, según fué enmendada por la Ley núm. 180 de mayo 15 de 1943, en el sentido de aumentar de diez días a trece días por cada mes la rebaja a que tiene derecho un preso sentenciado a cumplir treinta años o más y resolvimos, copiando del sumario, que ''Conmutada su pena de reclusión perpetua por la de 30 años de presidio, un confinado adquiere el *status* de confinado por un término de 30 años contados desde la fecha dé su ingreso en el penal, y desde esa fecha adquiere el derecho a la rebaja por buena conducta que determina la ley a razón de diez días por cada mes bajo la ley de 14 de marzo de 1907 (pág. 307), y de trece días por cada mes a partir de la fecha en que empezó a regir la Ley núm. 180 de 1943 (pág. 653).''

---

asiduidad, tendrá derecho a las siguientes rebajas del término de su sentencia, las cuales se computarán desde su admisión a la cárcel o penitenciaría, siempre que ingresare con posterioridad al primero de abril de 1907:

''.

''Por una sentencia de diez años o más: 10 días en cada mes.

''Dicha rebaja se hará por el mes natural, y si la sentencia de algún preso contuviere una fracción de mes, bien al principio o al fin de dicha sentencia, se le abonará un día por cada cinco días o parte de los mismos, contenidos en dicha fracción.''

Por tercera vez el peticionario en los casos citados radicó petición de hábeas corpus alegando que está ilegalmente detenido desde el 13 de marzo de 1944 y habiendo la corte inferior declarado sin lugar dicha petición estableció el presente recurso de apelación el cual envuelve sólo dos cuestiones, a saber, 1ra., si de la sentencia de 30 años que cumple el peticionario debe descontarse el tiempo que pasó en prisión preventiva (siete meses, veinticinco días) y 2da., si dicha sentencia ha quedado extinguida según la liquidación que de ella hace el peticionario. Ambas cuestiones fueron resueltas en la negativa por la corte inferior.

En cuanto al primer punto somos de opinión que ha sido resuelto en la afirmativa, tanto en el caso de *Echeandía* v. *Saldaña,* supra, como en el de *Figueroa* v. *Saldaña,* 63 D.P.R. 683. En éste último, al ratificar lo resuelto en el de *Echeandía,* dijimos a la página 684:

". . . el peticionario Primitivo Figueroa Colón, al serle conmutada la pena de reclusión perpetua por la de veinte años de presidio, adquirió el status de un sentenciado a un término de 20 años de presidio, *desde la fecha en que ingresó en el penal a cumplir la sentencia original o sea desde el día 20 de octubre de 1930. . . .*" (Bastardillas nuestras.)

y al aceptar el cómputo hecho por el Fiscal de este tribunal como correcto, en la opinión se transcribió aquella parte del informe que resultó pertinente, y que comenzaba así (pág. 685):

" 'Cuando el peticionario ingresó en la penitenciaría había pasado 29 días en la cárcel de distrito, los cuales deducidos del término de veinte años de su sentencia, reducen ésta a 19 años, 11 meses, un día, cuyo término se comenzó a extinguir desde el 20 de octubre de 1930, . . .' "

Es evidente que la doctrina de que un confinado a reclusión perpetua cuya sentencia sea conmutada por la de cierto número de años, adquiere el *status* de un confinado por ese

número de años desde la fecha de su ingreso en la penitenciaría, significa que la conmutación tiene un carácter retroactivo.

Al concedérsele a un confinado a reclusión perpetua, el *status* de un confinado por cierto número de años, desde su ingreso en la Penitenciaría, todo a virtud de la conmutación hecha por el Gobernador, se le concede también el derecho a todos los beneficios que dan nuestros estatutos a los confinados por el mismo término aún cuando de acuerdo con la sentencia original por su naturaleza de ser a reclusión perpetua, el confinado no tuviera derecho a tales beneficios. Uno de esos beneficios, ya reconocido, consiste en el derecho a que por cada mes de buena conducta se le descuente un número de días por buena conducta y asiduidad del término de la sentencia. Otro beneficio es el descuento de la prisión preventiva del término de la sentencia a virtud de la ley de 1907, supra.

TO AMEND SECTION c. "PERSONNEL", OF ACT No. 95, APPROVED MAY 12

El caso de *Ex parte Leroy*, 17 D.P.R. 1047, citado por la corte inferior y por el fiscal, sosteniendo que según lo resuelto en dicho caso el peticionario no tiene derecho a que se le abone la prisión preventiva es distinguible del de autos. El peticionario Leroy había sido sentenciado en 24 de octubre de 1905 a servir una condena de treinta años, la cual le fué conmutada por el Gobernador a una de diez años. Mediante recurso de hábeas corpus solicitó Leroy su excarcelación, alegando en su favor que si se le abonaba el término de prisión preventiva, de acuerdo con la ley de *1907*, además de los descuentos por buena conducta, su sentencia quedaba extinguida. Este tribunal, interpretando la ley de *1907* que concede el derecho a que se le abone la preventiva, resolvió que era prospectiva y no retroactiva, y que por tanto no podía aplicarse a un caso en el cual quería aplicarse el estatuto a una situación de hechos anterior a su aprobación. Este fué el *ratio decidendi* en dicho caso.

El de autos es diferente. En 1925, año en que fué sentenciado el peticionario a reclusión perpetua, ya estaba en vigor el estatuto de 1907, y en la misma forma que un sentenciado en 1925 a cumplir treinta años tendría derecho al descuento de la preventiva en su sentencia, tiene el peticionario derecho a que se le abonen los siete meses y veinticinco días que pasó en preventiva al adquirir él, a virtud de la conmutación, el status de un sentenciado a treinta años. La corte sentenciadora cometió el primer error señalado.

█ Pasamos a considerar la segunda cuestión planteada o sea si el peticionario apelante ha cumplido o no su sentencia.

En el caso de *Buscaglia* v. *El Pueblo,* 64 D.P.R. 185 tuvimos ocasión de señalar la forma en que deben computarse las bonificaciones autorizadas por las leyes de 1907, supra nota (1), que venimos interpretando y al efecto copiamos al margen lo pertinente.[2]

Procediendo a liquidar la sentencia de treinta años impuesta al peticionario con motivo de la conmutación y tomando en consideración el *return* y la prueba presentada tendremos el resultado siguiente:

---

[2]"La computación hecha por el juez de la corte inferior está en pugna con las decisiones de esta Corte Suprema en *Pérez* v. *Saldaña,* 60 D.P.R. 916 y en *Echeandía* v. *Saldaña,* 61 D.P.R. 799, 801, en las cuales resolvimos que la deducción por buena conducta y asiduidad debe hacerse del término de prisión computado a partir del día en que el convicto ingresa en la cárcel o penitenciaría, según sea el caso, a cumplir la sentencia que le fué impuesta, sin que en dicho término se incluya el tiempo que el acusado estuvo en prisión preventiva. Véase: *Aderhold* v. *Ellis,* 84 F. (2d) 543.

"Los dos errores cometidos por la corte inferior nos obligan, para mayor claridad, a exponer concisamente la forma en que debe liquidarse la sentencia original de diez años de cárcel impuesta al peticionario.

"(a) Descontando de los diez años de prisión a que fué condenado el peticionario, los cinco meses y veintiocho días de prisión preventiva, desde su arresto hasta enero 10 de 1938 en que se dictó la sentencia definitiva por la corte de distrito, el término por cumplir quedó reducido a nueve años, seis meses y dos días.

"(b) Concedida al peticionario la bonificación de una tercera parte de dicho término, éste queda reducido a seis años y cuatro meses."

(a) Descontando de los treinta años, los siete meses veinticinco días de prisión preventiva, el término por cumplir quedó reducido a 29 años, 4 meses y 5 días.

(b) Como hasta el 13 de agosto de 1943 (fecha en que entró en vigor la Ley núm. 180 de 1943 aumentando la bonificación de diez a trece días por mes) el peticionario había cumplido en prisión efectiva 17 años, 10 meses, a los cuales se les había computado la bonificación a razón de diez días por mes, tendremos que esos 17 años 10 meses equivalen a 26 años 9 meses del término de la sentencia.

(c) Si de los 29 años 4 meses y 5 días de dicho término restamos esos 26 años 9 meses tendremos que quedan 2 años 7 meses 5 días sobre los cuales hay que hacer la bonificación a razón de 13 días por mes en esta forma:

Beneficio por 2 años_____ 312 días
    (24 meses × 13 = 312)
Beneficio por 7 meses_____ 91 días
    (7 × 13 = 91)
Beneficio por 5 días_____ 1 día
                                          404 días

404 días = 1 año, 1 mes, 14 días los cuales restados de los dos años 7 meses 5 días del término de la sentencia dan 1 año, 5 meses, 21 días que tenía que cumplir el peticionario en prisión efectiva desde el 13 de agosto de 1943 y la cual cumplió el día 3 de febrero de 1945.

De acuerdo con lo anteriormente expuesto si bien la corte inferior al dictar la sentencia en este caso el día 1ro. de junio de 1944 no erró al resolver que el peticionario no estaba ilegalmente privado de su libertad, es obvio que durante el trámite de esta apelación el peticionario desde el 3 de febrero de 1945 ha dejado totalmente extinguida la sentencia de treinta años de presidio que venía cumpliendo y en su consecuencia *procede dejar sin efecto la sentencia apelada y en su lugar dictar otra declarando con lugar la petición y decretar la excarcelación inmediata del peticionario.*