Ramón Rivera Mojica, peticionario y apelado, *v.* Sixto M. Saldaña, Jefe de la Penitenciaría Insular, demandado y apelante. Vicente Adames Serrano, peticionario y apelado, *v.* El Mismo, demandado y apelante. Juan Morales Feliciano, peticionario y apelado, *v.* El Mismo, demandado y apelante. Antonio Beltrán Benítez, peticionario y apelado, *v.* Balbino González, Alcaide de Cárcel, demandado y apelante.

Núms. 8768, 8782, 8783, 8792.—*Sometidos:* Julio 21, 1943.
*Resueltos:* Julio 31, 1943.

.R. A. Gómez, *Fiscal del Tribunal Supremo* y Luis Negrón Fernández, *Fiscal Auxiliar,* abogados del apelante; los apelados concurrieron por su propio derecho.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

La sección 1 de la Ley para computar, como parte de la sentencia de presos, el tiempo que pasaren bajo custodia aguardando la vista de su causa, aprobada el 14 de marzo de 1907 (Sec. 6362 Estat. Rev.) dispone lo siguiente:

"Sección 1.—Cuando una persona fuere acusada de un delito cualquiera, y habiéndosele exigido fianza, no pudiere, por motivo de pobreza, conseguir fiadores, por lo que tuviere que estar bajo custodia aguardando la vista de su causa, si saliere sentenciada a un término de prisión, se le descontará de dicho término el tiempo que hubiere pasado bajo custodia, desde la fecha de su arresto hasta aquella en que se hubiere dictado sentencia definitiva en su causa."

Alegando que de acuerdo con los términos de la ley citada tenían derecho a que se les abonara la prisión preventiva que habían sufrido, los apelados en estos cuatro recursos radicaron sendas peticiones de *mandamus* ante la Corte de Distrito de San Juan solicitando se ordenara al Jefe de la Penitenciaría Insular, los tres primeros, y al Alcaide de la Cárcel de Distrito de San Juan, el último, que liquidaran las sentencias que les habían impuesto distintas cortes de distrito en tal forma que se acreditara en todas y cada una de las sentencias dicha prisión preventiva. La corte inferior declaró con lugar las peticiones y el Fiscal apeló.

Aun cuando los recursos fueron tramitados separadamente la cuestión envuelta es la misma en todos ellos, excepto en el núm. 8782 de Vicente Adames Serrano que presenta otra adicional, y por tanto los resolveremos conjuntamente en una opinión.

Los hechos, en cuanto a cada uno de los apelados, y la forma en que la corte inferior aplicó la ley a esos hechos, han sido resumidos por el fiscal de esta corte en su alegato, en la siguiente forma:

"8768. *Ramón Rivera Mojica.* (3 meses 10 días preventiva). El 5 de agosto de 1942 fué sentenciado en forma consecutiva por la corte de distrito de Bayamón a un año de presidio en cada una de las dos causas por escalamiento en primer grado. A la fecha de su ingreso en la Penitenciaría había estado tres meses diez días en la Cárcel de Distrito de San Juan en sumaria.

"La corte inferior resolvió que se acreditara al peticionario el término de prisión preventiva (3 meses 10 días) a cada una de las sentencias consecutivas dictadas, haciendo así un total de 6 meses 20 días a ser abonado, en vez de los 3 meses 10 días realmente pasados en sumaria.

"8782. *Vicente Adames Serrano.* (1 año, antes de ser sentenciado, y 4 meses 10 días después de ser sentenciado hasta su ingreso en el presidio.)

"Ingresó en la Cárcel de Distrito de Arecibo en 28 de septiembre de 1941 con tres autos de prisión por 3 delitos de escalamiento en primer grado.

"El 29 de septiembre de 1942 fué sentenciado en las tres causas a 3 años en una, 3 años en otra y un año en la tercera.

"El 28 de octubre de 1942 apeló, quedando en sumaria hasta el 11 de febrero de 1943.

"La corte inferior resolvió que se acreditara al peticionario el total del tiempo pasado en la cárcel antes de ingresar en el presidio (1 año, 4 meses, 10 días), a cada una de las sentencias dictadas, acreditando así 4 años y un mes, y en vez de un año que fué lo que realmente pasó en sumaria antes de ser sentenciado por la corte de distrito.

"8787. *Juan Morales Feliciano.* El 3 de julio de 1943 (sic) ingresó en la cárcel de distrito de Mayagüez por tres causas de escalamiento en primer grado.

"El 4 de septiembre de 1942 fué sentenciado a un año de presidio en cada causa por dos de dichos delitos, comenzando a extinguirlas el mismo día (sentencias consecutivas).

"El 5 de noviembre de 1942 fué sentenciado a un año de presidio por la tercera causa.

"En la cárcel de distrito, previamente a su convicción en las dos primeras causas, estuvo en sumaria 2 meses 1 día, que le fué acreditado por el Jefe del Presidio a la primera sentencia de las 2 consecutivas dictadas el 4 de septiembre.

"La corte inferior resolvió que dicho término de 2 meses 1 día debía acreditarse también a la segunda sentencia consecutiva, y a la tercera sentencia (concurrente en parte con las dos primeras) acreditando así un término de 6 meses 3 días por los 2 meses y un día realmente pasados en sumaria.

"8792. *Antonio Beltrán Benítez.* En octubre 16, 1942 fué sentenciado a 2 meses de cárcel por portar armas, y no apeló, dejando extinguida dicha sentencia el 3 de diciembre de 1942.

"El 3 de marzo de 1943 fué sentenciado, en juicio *de novo*, por la Corte de Distrito de San Juan, a sufrir penas de 6 meses y 6 meses de cárcel en cada una de dos causas por acometimiento y agresión grave y a 3 meses de cárcel por un delito de alterar la paz.

"La corte inferior resolvió que el período de cuatro meses desde 3 de diciembre de 1942 (en que dejó extinguida su sentencia por portar armas impúéstale el 16 de octubre de ese año) hasta el 3 de marzo de 1943 en que fué finalmente sentenciado por la corte de distrito, era prisión preventiva que debía ser acreditada a cada una de las 3 sentencias dictadas contra el acusado. En esta forma se le acreditarían 12 meses en vez de los 4 realmente sufridos de preventiva."

En síntesis, la corte inferior resolvió que la prisión preventiva sufrida por cada uno de los apelados debe acreditarse a cada una de las sentencias impuestas, debido a que se expidió mandamiento de prisión en cada uno de los casos. También ordenó, en el caso de Vicente Adames Serrano que se le acreditara, en cada una de sus sentencias, como parte de dicha prisión preventiva, el tiempo que estuvo dicho apelado en la cárcel mientras se tramitaba su apelación de la corte de distrito a la Corte Suprema.

El Fiscal de esta corte sostiene que la corte inferior erró al interpretar la ley de 1907, supra, en la forma en que lo hizo y creemos que tiene razón.

De hecho la corte inferior interpretó la sección 1 de la ley de 1907, supra, en el sentido de que la prisión preventiva sufrida por un acusado mientras se sustancian y resuelven definitivamente varias acusaciones que contra él penden, debe abonársele concurrentemente a todas las sentencias consecutivas que la corte pueda imponerle en las mismas. Esta interpretación no está sostenida no ya por la letra de la ley, sino que tampoco por su espíritu. El ejemplo que somete el Fiscal lo demuestra, cuando dice:

"... si un acusado está un año en sumaria aguardando la vista de cinco causas y finalmente es sentenciado en las cinco a un año de presidio en cada una, dictadas dichas sentencias para ser cumplidas consecutivamente, de seguir el principio establecido por la corte inferior aquí apelada, quedarían simultáneamente cumplidas las cinco sentencias consecutivas de un año cada una con la prisión preventiva de un solo año sufrida por el acusado. En otras palabras, sin ser concurrentes las sentencias, único medio a nuestro juicio en que podrían ser cumplidos los cinco años de las cinco sentencias de que hablamos con un solo año de prisión, quedarían extinguidos los cinco años mencionados correspondientes a las ya dichas cinco sentencias consecutivas con un solo año de prisión preventiva. ..."

En el reciente caso de *Cecilio Echeandía Font* v. *Sixto M. Saldaña,* resuelto el 27 de abril de 1943 (61 D.P.R. 799), el peticionario pretendió, entre otras cosas, que debía deducír-

sele de dos sentencias concurrentes que está cumpliendo, la bonificación que por buena conducta concede la sección primera de la ley de 14 de marzo de 1907, y nos limitamos a decir que "Es tan absurda la pretención del peticionario al efecto de que debe dársele crédito por buena conducta sobre cada una de las dos sentencias, es decir, la de diez años y la conmutada, que creemos innecesario discutir esa cuestión."

Igualmente absurda nos parece la pretensión de los apelados en estos casos. De prevalecer, equivaldría a sostener que el crédito que se le abone por el término de prisión preventiva que sufra un acusado puede alargarse o acortarse de acuerdo con el número de casos que tenga pendientes y por los cuales ha sido arrestado y no ha prestado fianza. Ésta no pudo haber sido la intención legislativa. La prisión preventiva puede y deber ser abonada al término de la primera sentencia que empezó a cumplir cada uno de los apelados, pero no a las demás.

■ En cuanto a la otra cuestión levantada en el caso núm. 8782 de Vicente Adames Serrano, es decir, si debe computarse como parte de la prisión preventiva el tiempo transcurrido durante la sustanciación de su apelación de la corte de distrito a la Corte Suprema a nuestro juicio depende de la interpretación que se dé a la frase "sentencia definitiva" usada en la ley de 1907 cuando dice: "se le descontará de dicho término el tiempo que hubiere pasado bajo custodia, desde la fecha de su arresto hasta aquélla en que se hubiere *dictado sentencia definitiva* en su causa." (Bastardillas nuestras.)

Sentencia definitiva condenatoria es aquella de la cual el acusado puede apelar para ante esta Corte Suprema, según el inciso 1 del artículo 347 del Código de Enjuiciamiento Criminal. En el caso *Noel* v. *State,* 188 Pac. 688, 690, se definió una sentencia en un caso criminal en esta forma:

"Una sentencia es la determinación final del juicio de una causa criminal y es la orden de la corte, hecha en presencia del acusado y

de su abogado, dictando la sentencia (*judgment*) y ordenando que la misma sea ejecutada en la forma prevista por ley."

Véase además 38 Words and Phrases 597 *et seq.*

De manera que no tenemos duda de que la "sentencia definitiva" a que se refiere la sección 1 de la ley de 1907 es la que dicta la corte de distrito y no la que pueda dictar esta corte en apelación. Otras cláusulas de la sección indican que la intención legislativa fué limitar el alcance de la bonificación hasta que dicha sentencia sea dictada. Dice la ley que cuando el acusado no ha prestado fianza "por lo que tuviere que estar bajo custodia *aguardando la vista* de su causa, ..." (Bastardillas nuestras). El texto inglés dice así: " ... and is therefore held in custody *while awaiting trial,* ..." (Bastardillas nuestras). Otro indicio de la intención legislativa lo encontramos en el título de la ley que expresamente dice: "Ley para computar, como parte de la sentencia de presos, el tiempo que pasaren en custodia aguardando la vista de su causa" o sea la misma fraseología usada en el texto de la ley. La vista de la causa tiene lugar ante la corte de distrito y es dicha corte la que dicta la sentencia definitiva. Si el reo apela para ante esta corte, la ejecución de la sentecia queda suspendida. (Sección 4 de la Ley de 12 de marzo de 1903, Código de Enjuiciamiento Criminal, pág. 249). Empero, no habiendo la Legislatura incluído expresamente el tiempo que transcurra en tramitarse la apelación como parte de la bonificación por prisión preventiva, no debe descontarse dicho término de la sentencia cuando ésta es confirmada. La regla prevaleciente en los Estados Unidos es que a menos que el estatuto expresamente lo provea el tiempo que transcurra en una apelación no debe descontarse de la sentencia y que el término de la misma empieza a contarse desde que se expide el mandato de la corte de apelaciones. 24 C.J.S., *Criminal Law,* sección 1995, *b* y *d* (3), págs. 1226, 1227.

*Deben revocarse las sentencias apeladas y se dictarán otras declarando sin lugar las peticiones de mandamus.*

Los Jueces Presidente Sr. Del Toro y Asociado Sr. Travieso no intervinieron.